IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

   Plaintiff,

v.

AMARO-RODRIGUEZ, et al.,

   Defendants.

CRIM. NO. 08-378 (GAG)

**MEMORANDUM OPINION AND ORDER**

Presently before the court is defendant Angel Rosado-Calderon's motion to supress evidence (Docket No. 104), to which defendants Cristobal Baez-Roman and Angel Ramirez-Vazquez have requested joinder (Docket Nos. 105 & 106). The court granted these requests (Docket Nos. 110 & 106) and has considered the motion. For the reasons set forth herein, the motion to supress evidence (Docket No. 104) is **DENIED** without prejudice.

Under Minnesota v. Carter, 525 U.S. 83 (1998), the moving defendants do not have standing to claim the protection of the Fourth Amendment with regard to the search and seizure of the vessel belonging to defendant Gerardo Amaro-Rodriguez. In order to establish that their Fourth Amendment rights were violated, the moving defendants would have to demonstrate that they had an individual, subjective, and legitimate expectation of privacy in Amaro's vessel, including the place where the evidence was seized, see Katz v. United States, 389 U.S. 347, 351 (1967). The expectation of privacy in the home (or vessel) of another will be protected when it is based on a visit which represents "a longstanding social custom that serves functions recognized as valuable by society." Minnesota v. Olson, 495 U.S. 91, 98 (1990). While overnight guests "typif[y] those who may claim the protection of the Fourth Amendment in the home of another," Carter, 525 U.S. at 91 (citing Olson, 495 U.S. 91 (1990)), a visit that is primarily commercial, and not social, in nature does not garner the same protection, see Id. (noting that the purely commercial nature of the transaction engaged in by respondents led the court to conclude that they were not entitled to the same protection as the guests in Olson). Defendant Angel Rosado-Calderon stated under penalty of perjury that his

**Crim. No. 08-378(GAG)**

boss's stated purpose for the trip to the Dominican Republic was "to find a business location to establish a branch of his business in the Dominican Republic." (Docket No. 104-2 at 4).  On the facts currently before the court, it finds that any search that may have occured did not violate moving defendants' Fourth Amendment rights.  More so, there is no dispute that the narcotics inside the vessel were found in an extremely shrouded compartment of the vessel, which was not located in any guest room.  See Government's Affidavit, Docket No. 1-2 at 2-3.  None of these defendants claims a possessory or privacy interest in said compartment.  If any of the defendants wants this court to reconsider its determination, they must demonstrate standing.

    **SO ORDERED.**

    In San Juan, Puerto Rico this 25th day of June, 2009.

*S/ Gustavo A. Gelpí*

GUSTAVO A. GELPI
United States District Judge